THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD RIVIELLO, JR.          :
                              :
                  Plaintiff   :
      v.                      :   1:11-cv-1533
                              :   (JUDGE MARIANI)
PENNSYLVANIA STATE EMPLOYEES  :
CREDIT UNION (PSECU), JOHN DOES :
1-10, and X, Y, Z CORPORATIONS :
                              :
                  Defendants  :

## MEMORANDUM AND ORDER

Plaintiff Gerald Riviello, Jr. ("Plaintiff") filed the present action against Defendants Pennsylvania State Employees Credit Union ("PSECU"), John Does 1-10, and X, Y, Z Corporations (collectively "Defendants")[1] for alleged violations of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693 et seq. ("EFTA") and its implementing regulations at 12 C.F.R. §§ 205 et seq. ("Regulations").

## BACKGROUND

This case has its origins in the Court of Common Pleas of Dauphin County, Pennsylvania, where it was filed on May 24, 2011. It was subsequently removed to this Court by Defendants on August 18, 2011 pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff frames this suit as a

---

[1] Plaintiff has not identified any persons or institutions referenced in his Complaint who constitute John Does 1-10 or X, Y, Z Corporations.

class action, but the record does not reveal that Plaintiff has made any attempt to certify a class.

Plaintiff alleges that on April 30, 2011, he used an automated teller machine ("ATM") owned by Defendants to withdraw funds.[2] Plaintiff was not a regular customer of Defendants' (*see* Pl.'s Compl. at ¶ 18), and was thus charged a fee for his transaction (*see* Pl.'s Compl. at ¶ 20). Plaintiff further alleges that at the time of the transaction, "[t]here was no clear and conspicuous external notice at or near the ATM that a fee would or may be charged." (*See* Pl.'s Compl. at ¶ 19.) Plaintiff contends that the absence of a Fee Notice ("Fee Notice") constitutes a violation of the EFTA by Defendants, and that Defendants are liable for statutory damages.

## **STANDARD**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A district court may grant a defendant's motion for summary judgment when the plaintiff fails to provide any genuine issue of material fact. *See* Rule 56(c); *see also*

---

[2] The Court notes that Plaintiff provided the April 30, 2011 date in his Brief in Opposition to Defendants' Motion for Summary Judgment, and that his Complaint fails to articulate the date of his injury. Although his Complaint is materially deficient, the Court will accept the date provided in his brief.

*Krouse v. Amer. Sterilizer Co.*, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the burden to establish before the district court that the non-moving party has failed to substantiate its claims with evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056, 1061 (3d Cir. 1990). "The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial." *See Book v. Merski*, 2009 WL 890469, at *4 (W.D. Pa. Mar. 31, 2009)(*citing Matsushita Elec. Indus. Company v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989)("the non-movant must present affirmative evidence—more than a scintilla but less than a preponderance—which supports each element of his claim to defeat a properly presented motion for summary judgment.")). The non-moving party is then charged with providing evidence beyond the pleadings to show specific facts by affidavit or by information contained "in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim." *Book*, 2009 WL 890469, at *4 (citing *Celotex*, 477 U.S. at 322; *Country Floors*, 930 F.2d at 1061).

Material facts are those whose resolution will affect the outcome of the case under applicable law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although the Court is required to resolve any doubts as to the existence of material facts in favor of the non-moving party for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." *Firemen's Ins. Company of Newark, N.J. v. Du Fresne*, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment, therefore, is only precluded if a dispute about a material fact is "genuine", *viz.*, if the evidence would permit a reasonable jury to return a verdict in favor of the non-moving party. See *Anderson*, 477 U.S. at 247-249.

## **DISCUSSION**

The EFTA and its implementing regulations require ATM operators who charge fees to inform users that (1) a fee will be charged for use of the ATM, and (2) the amount of the fee. See 15 U.S.C. § 1693b(d)(3)(A); 12 C.F.R. 205.16(b). To facilitate this policy, the ATM must provide notice on the machine "in a prominent and conspicuous location" as well as either on the screen of the ATM or on a paper printout before the user is committed to paying a fee. See 15 U.S.C. § 1693b(d)(3); 12 C.F.R. § 205.15(c).

4

Providing only one form of notice is insufficient to satisfy the statutory requirements.

While Plaintiff argues that Defendants are liable to him for failing to properly affix a Fee Notice, Defendants argue that they are afforded protection against Plaintiff's immediate claim because they provided substantive evidence detailing the applicability of a complete defense to which they are entitled under the EFTA. Furthermore, the Court notes that Plaintiff failed to provide evidentiary support in furtherance of his allegations.

I. <u>Plaintiff Fails to Provide Evidence Rebutting Defendants' Complete Defense as Provided by Section 1693(h)</u>

Plaintiff's Complaint and Opposition Brief suggest that PSECU did not post a Fee Notice, and when Plaintiff used the ATM and incurred a fee, that he met the necessary elements required to establish a prima facie violation of §§ 1693b and 205.16(c) by Defendants. In response, Defendants argue that § 1693h(d) provides a complete defense to liability. Section 1693(h) provides, in pertinent part:

> If the notice required to be posted pursuant to section 1693b(d)(3)(B)(i) [notice on the ATM itself] by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall

5

have no liability under this section for failure to comply with section 1693b(d)(3)(B)(i) of this title.

15 U.S.C. § 1693h(d).

In support of their § 1693h defense, Defendants have submitted various affidavits and photographs indicating that: (1) they complied with the EFTA insofar as they affixed a compliant Fee Notice to the ATM in 2006, (2) none of Defendants' employees removed the Fee Notice, and (3) when Defendants' employees noticed the sticker was missing during a routine examination of the ATM, a new Fee Notice was promptly affixed.

In the affidavit of Paula Walter ("Walter"), ATM Director of the Card Service Department of PSECU, Walter attested that she was responsible for overseeing the installation, maintenance, and servicing of PSECU's ATMs in Pennsylvania. (*See* Walter Aff. at ¶ 3, ECF Dkt. 5-4.) Walter further acknowledged that for purposes of PSECU record-keeping, the ATM at issue has been designated as bearing the serial number "DU1044." (*See id.* at ¶ 5.) As a matter of practice, PSECU adheres a standard form Fee Notice to the outside of all of PSECU's ATMs. (*See id.* at ¶ 8.) Walter attached a color photograph of a true and correct copy of the Fee Notice to her affidavit as Exhibit 1. Furthermore, Walter declared that PSECU photographs "most, if not all," of its ATMs. (*See id.* at ¶ 9.) Walter's affidavit further indicates that after PSECU was served with the Complaint

6

in the present matter on July 28, 2011, she located the photograph taken of the ATM in question when its signage was updated on August 16, 2006. (*See id.* at ¶ 10.) Walter attached a color photograph of the ATM taken on August 16, 2006 to her affidavit as Exhibit 2. The photograph in Exhibit 2 purports to show the ATM Fee Notice appended to the upper right corner of the ATM. (*See id.* at ¶ 11.)

According to Walter, in February 2011, PSECU "initiated procedures to provide for routine inspections of its ATMs to ensure the PSECU ATMs have the Fee Notice posted, have appropriate PSECU signage in place, and have a clean appearance." (*See id.* at ¶ 12.) On May 12, 2011, Michael Murphy ("Murphy"), a PSECU employee inspected the ATM and found that it did not have a properly affixed Fee Notice. (*See id.* at 14; Michael Murphy Aff. at ¶ 4, ECF Dkt. 5-5.) Murphy replaced the fee notice and other signage on the ATM and then photographed the machine. (*See* Walter Aff. at ¶ 15; Murphy Aff. at ¶ 5.) After the Complaint was served on PSECU on July 28, 2011, a PSECU employee, Marcia Dougherty ("Dougherty"), went to the ATM on August 9, 2011, and photographed it. (*See* Walter Aff. at ¶ 16; Dougherty Aff. at ¶ 4, ECF Dkt. 5-6.) Dougherty's "photograph shows old adhesive to the right of the existing Fee Notice which shows where the previous Fee Notice had been affixed, prior to it

7

being removed." (See id. at 17; Dougherty Aff. at ¶¶ 5-6, Exh. 2.) Based on these photographs and PSECU's records, Walter determined that the original Fee Notice posted on the ATM had been removed. (See Walter Aff. at ¶ 18.) After conducting an investigation of the employees in the ATM Services Department of PSECU and the Marketing Department of PSECU, as well as any employees having responsibility for the operation of the ATM at issue, Walter found that no employee of PSECU removed or damaged any Fee Notice that had been posted. (See id. at ¶ 19.)

Under the summary judgment framework articulated in Anderson, supra, and its progeny, it is clear "that if a moving party satisfies its initial burden of proving a prima facie case for summary judgment, the opposing party 'must do more than simply show that there is some metaphysical doubt as to material fact.'" Boyle v. County of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998)(citing Matsushida Elec. Indus. Co., 475 U.S. at 586). Rather, "[t]here must be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Id. (citing Ambruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). In Roa v. City of Bethlehem, 782 F. Supp. 1008 (E.D. Pa. 1991), the Eastern District of Pennsylvania held that a party resisting summary judgment must

specifically identify evidence in the record which supports its claim and upon which a verdict in its favor can be appropriately based. *Id.* at 1014.

In the present matter, Defendants move for summary judgment based upon a complete defense provided within § 1693h(d). In support of their motion, Defendants provide the Court with several affidavits which include photographic attachments. These affidavits present facts, which if un-rebutted, require a finding that some third-party, and not the Defendants, removed the required Fee Notice from the ATM. Plaintiff's Brief in Opposition to Defendants' Motion merely restates the factual allegations tendered in his Complaint, and does not offer any rebuttal of Defendants' defense under § 1693h(d). In fact, Plaintiff offers no evidence to cast doubt upon the Defendants' proffered defense: the Piontek affidavit does not address, nor rebut, Defendants' contention that a third-party removed the Fee Notice. Plaintiff's Answer to Statement of Material Facts ("Pl.'s SMF")(ECF Dkt. 17) is similarly deficient in that it only responds to Defendants' affidavits with generic, unsupported allegations, and contends that Defendants' evidence is "based solely on affidavit." *See, e.g.,* Pl.'s SMF ¶ 13. Plaintiff offers no substantive evidence in support of his opposition to PSECU's Motion. Nor has Plaintiff sought to avoid the entry of summary judgment against him by making the requisite showing "by

affidavit or declaration" under Rule 56(d) that he "cannot present facts essential to justify [his] opposition" to the Defendants' Motion. Rule 56(d) authorizes the Court on such a showing, by affidavit or declaration of the non-moving party to:

    (1)    defer considering the motion or deny it;

    (2)    allow time to obtain affidavits or declarations or to take discovery; or

    (3)    issue any other appropriate order.

The Plaintiff's failure to avail himself of the opportunity under Rule 56(d) to avoid the entry of summary judgment against him by invoking its provisions and the remedies available under that Rule requires this Court address the Defendants' Motion For Summary Judgment on the undisputed record evidence offered by PSECU.

Defendants' affidavits and photographs indicate that the required external notice was posted on the ATM and that the notice was subsequently removed by an unknown third-party. Plaintiff's Complaint and opposing papers fail to address these affirmative defenses; accordingly, "Defendants' argument and evidence on this point support a point of material fact that, without more from Plaintiff, is undisputed." *See Piontek v. Penn. Sec. Bank and Trust Co.*, No. 10-1038, 2011 WL 1002194, *slip op.*, *4 (M.D. Pa. Jan. 31, 2011). "Following *Celotex* and Rule 56(e), the

burden shifted to Plaintiff to produce some evidence of a specific, disputed material issue. It was thus incumbent upon Plaintiff to produce some kind of evidence that would tend to show that external notice was never posted on the ATM, or if it was, that it was removed by Defendants. . . ." *Id.* Plaintiff's papers and submissions to this Court fail to provide any evidence rebutting Defendants' defense beyond the assertion that the ATM did not contain the appropriate Fee Notice. Such submissions do not constitute evidence of a disputed fact. Accordingly, a finding of summary judgment in favor of Defendants is appropriate.

With the exception of a single affidavit submitted by his counsel, Vicki Piontek ("Piontek"), in which Piontek attests that she used the same ATM as Plaintiff six months prior to Plaintiff's alleged injury and found it noncompliant with the EFTA, Plaintiff offers no evidence to support the claims set-forth in his Complaint. The Piontek affidavit does not substantiate Plaintiff's claims, and by its own language, is temporally irrelevant because it concerns an event that occurred six months prior to Plaintiff's alleged use of the ATM.

The Plaintiff's argument in his Brief In Opposition to the Defendants' Motion For Summary Judgment (Doc. 15, p. 4) that "[D]efendant, however, provides nothing to prove that the Notice was removed by someone not

working for the bank," misses the mark. The Defendant has come forward with evidence in the form of affidavits from its ATM Director, Paula Walter (Doc. 5-4), Michael Murphy, its ATM Analyst (Doc. 5-5), and its ATM Acquirer Manager, Marcia Dougherty (Doc. 5-6), which collectively set forth the Credit Union's defense under Section 1693(h) of the EFTA that it had complied with the posting provisions of the Act and that the Notice required to be posted on the ATM itself was not removed by it or any of its employees. At that point, the Plaintiff may not rest on the allegations of his pleadings if he wishes to avoid the entry of summary judgment against him. "When the summary judgment movant carries its initial burden, the burden of going forward then switches to the opponent, who may not oppose summary judgment on the mere basis of the allegations of the pleadings, nor on conclusory statements that a fact issue exists." *Moore's Federal Rules Pamphlet* § 56.4[3][b] (2011) (citing *Rand v. CF Industries*, 42 F.3d 1139, 1146 (7th Cir. 1994) (plaintiff cannot oppose summary judgment motion by merely stating that defendant's affidavits are false, but must offer specific facts that raise significant issues of credibility)).

Here, the Plaintiff has failed to come forward with evidence in any form which would show that a material issue of fact exists with respect to the Defendants' compliance with Section 1693(h) of the EFTA and has

failed likewise to come forward with adequate reasons why such evidence is not currently available.

For these reasons, this Court believes that the entry of summary judgment in favor of the Defendant is warranted.

## **CONCLUSION**

For the reasons set forth in this memorandum, Defendants' Motion for Summary Judgment will be granted. An appropriate Order will follow.

DATE: March 28, 2012

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD RIVIELLO, JR. : | |
| : | |
| **Plaintiff** : | |
| v. : | 1:11-cv-1533 |
| : | (JUDGE MARIANI) |
| PENNSYLVANIA STATE EMPLOYEES : | |
| CREDIT UNION (PSECU), JOHN DOES : | |
| 1-10, and X, Y, Z CORPORATIONS : | |
| : | |
| **Defendants** : | |

## ORDER

On September 14, 2011, Defendants filed a Motion for Summary Judgment (Doc. 5). For the reasons set forth in the accompanying memorandum, **NOW,** on this **28th** day of **MARCH, 2012, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Doc. 5) is **GRANTED**.

2. The Court enters judgment in favor of Defendants and against Plaintiff.

3. The Clerk of the Court is directed to **CLOSE** the case.

*/s/ Robert D. Mariani*
Robert D. Mariani
United States District Judge